United States Bankruptcy Court
Southern District of Texas

**ENTERED**
August 14, 2024
Nathan Ochsner, Clerk

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 23-34815 |
| **GALLERIA 2425 OWNER, LLC,** | § | |
| | § | CHAPTER 11 |
| Debtor. | § | |
| | § | |
| **ALI CHOUDHRI,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | ADVERSARY NO. 24-3120 |
| | § | |
| **NATIONAL BANK OF KUWAIT, S.A.K.P.,** | § | |
| **NEW YORK BRANCH,** | § | |
| | § | |
| Defendant. | § | |

## ORDER DISMISSING CASE

This matter is before the Court on the Motion to Dismiss Third Amended Complaint (ECF No. 10) filed by the defendant National Bank of Kuwait, S.A.K.P., New York Branch ("NBK"). NBK is moving to dismiss all counts of the complaint for insufficient process and pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for relief. A response was filed in opposition by the plaintiff, Ali Choudhri (ECF No. 24). For the following reasons, the motion to dismiss is granted.

### FACTUAL AND PROCEDURAL BACKGROUND

This adversary proceeding was removed to this court on June 7, 2024 by the NBK. Prior to the removal, the plaintiff Ali Choudhri ("Choudhri") filed an original petition in the 129th Judicial District Court of Harris County Texas under Case No. 2024-27168 on April 26, 2024. An amended petition was filed on May 3, 2024. A request for issuance of service was noted on the docket on May 15, 2024. The Second Amended Petition was then filed on May 15, 2024.[1] It is undisputed that at no time prior to the removal to this court was NBK served with a copy of the suit. After removal, Choudhri filed a Third Amended Complaint.[2] To date, no summons has been

---

[1] See docket sheet from state court case at ECF No. 1-1
[2] ECF No. 8.

requested or issued in the case. Under Federal Rule of Civil Procedural 4(m), "[if] a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." The 90-day-deadline passed on July 25, 2024. As such, the case will be dismissed without prejudice.

Further, the case will be dismissed for substantive reasons. Choudhri's Third Amended Complaint contains allegations regarding the parties' rights and obligations under a Confidential Settlement Agreement entered into in August of 2022. This agreement was the subject of a previous state court lawsuit and was also heavily litigated in the underlying bankruptcy case. It was determined by both courts that NBK was not in breach of the agreement. Ultimately, this Court confirmed a Chapter 11 plan that provided NBK with an allowed claim for the tax liens in the amount of $1,696,384,85 if it was not the successful bidder for the Property; provided, however, NBK will waive the tax lien claim if it is the successful bidder.[3]

## JURISDICTION

This court has jurisdiction of the parties to and the subject matter of this adversary proceeding pursuant to 28 U.S.C. 1334 and 28 US.C. 157. This is a core proceeding as defined in 28 U.S.C. 157 (b)(2).

## STANDARD OF REVIEW

NBK is also seeking dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). This rule has been incorporated into Federal Rule of Bankruptcy Procedure 7012. In evaluating whether a complaint fails to state a claim, the Court must construe the complaint liberally in favor of the plaintiff as the non-moving party and assume the truth of well-pleaded facts.[4] The Court must assess a motion to dismiss only on "the facts stated in the complaint and the documents either attached to or incorporated in the complaint."[5] In order to survive a motion to dismiss, "a plaintiff must plead sufficient 'facts to state a claim to relief that is plausible on its face.'"[6] The Court is not required to accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."[7]

---

[3] Case No. 23-34815, ECF No. 566, Order Confirming Chapter 11 Plan, Art. III.B(d) at page 12 of the Plan.
[4] *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007).
[5] *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).
[6] *Ferguson v. Bank of New York Mellon Corp.*, 802 F.3d 777 (5th Cir. 2015), *citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).
[7] *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007)

## ANALYSIS

The Third Amended Complaint continues to claim that NBK breached the Confidential Settlement Agreement (the 'CSA") between the parties. That issue has already been ruled on by this Court, in the underlying bankruptcy case, which agreed with a previous state court ruling. There was a breach of the CSA when required funds were not tendered as agreed.[8] Choudhri argues that the previous ruling by the state court is immaterial as it was not contained in a final judgment prior to the filing of the underlying bankruptcy case. However, that ruling was admitted into evidence and this Court agreed with the ruling.[9] Accordingly, this Court finds that NBK did not breach the CSA, so any claims relating to the breach of the CSA fail to state a claim for relief and are dismissed with prejudice.

For the same reason, Choudhri's conversion and unjust enrichment claims that he is the owner of the tax liens fail. The CSA required Choudhri to transfer and assign to NBK the tax liens, which he did by notarized document and the assignment was recorded in the real property records. The CSA also provided an option to purchase the Loan Document by the Payment Date, called the Purchase Option Payment. This provision would have required NBK to transfer and assign the Tax Liens to Choudhri if NBK received either a "Settlement Payment" or a "Purchase Option Payment."[10] The Purchase Option Payment consisted of the down payment plus the remaining balance of the Settlement Payment. NBK retained the tax liens because the full amount of the Settlement Payment or the Purchase Option Payment was not paid by the Payment Date (as effectively extended by the state court), and the last $80,000 payment was not made even after the state court extended the period to perform under the CSA. Still, among other claims asserted in the Complaint, Choudhri claims that NBK should have returned the tax liens to him. If the CSA was not breached by NBK, there can be no valid claim of ownership of the tax liens by Choudhri.

To recover under unjust enrichment under Texas law, plaintiffs must show that a defendant "obtained a benefit from another by fraud, duress, or the taking of undue advantage."[11] Choudhri's allegations are that the tax liens are wrongfully held by NBK and should be restored to Choudhri due to equity and good conscience. He does not allege fraud, duress or the taking of undue

---

[8] Case No. 23-34815, ECF No. 535, page 3, stating that the amount of $801,509.42 was not paid within 210 days of the Effective Date as set forth in the CSA referring to ECF No. 498-1, page 18 "[t]here's no dispute that the payment wasn't made in full by March 20,"
[9] Id.
[10] Third Amended Complaint, ECF No. 8, page 8 and Motion to Dismiss, ECF No. 10, pages 3-4.
[11] *Heldenfels Bros. v. City of Corpus Christi*, 832 S.W.2d 39, 42 (Tex. 1992).

advantage. Furthermore, the Chapter 11 Plan, which contained provisions regarding the tax liens, has been confirmed and is now binding on the parties.[12] Accordingly, any claims by Choudhri of ownership of the tax claims are not valid and should be dismissed with prejudice.

## MOTION TO AMEND

Choudhri has requested leave to amend in the event the Court dismisses the Third Amended Complaint. The court has considered whether leave to amend should be granted, as Federal Rule of Bankruptcy Procedure 7015 provides that a court should freely give leave to amend pleadings when justice so requires.[13] Here, the court finds that Choudhri has no valid claims, which is sufficient grounds to deny leave to amend.

**THEREFORE, IT IS ORDERED** that Case No. 24-03120 is dismissed with prejudice.

SIGNED 08/13/2024

_____
Jeffrey Norman
United States Bankruptcy Judge

---

[12] *Matter of Howard*, 913 F.2d 1138, 1143 (5th Cir.) ("a plan is binding upon all parties once it is confirmed and all questions that could have been raised pertaining to such plan are res judicata.")
[13] *In re Meyrowitz*, Adv. No. 10-03227, 2010 WL 5292066 (Bankr. N.D. Tex. Dec. 20, 2010).